UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RUBEN GONZALVO,
                                 Plaintiff,

    v.

MR. WILLIAMS,
                                 Defendant.

9:11-CV-0909
(NAM/DEP)

---

APPEARANCES:

RUBEN GONZALVO
97-A-3050
Plaintiff, pro se
Woodbourne Correctional Facility
P.O. Box 1000
Woodbourne, NY 12788

NORMAN A. MORDUE, United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Plaintiff Ruben Gonzalvo filed this action pro se in August, 2011 asserting claims arising out of his confinement at Eastern Correctional Facility. Plaintiff claimed that his request to participate in the sign language program was improperly denied in violation of his rights under the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act. *See generally* Dkt. No. 1.[1]

In a Decision and Order filed February 28, 2012, this Court reviewed the complaint in

---

[1] The complaint was signed by five other inmates at Eastern Correctional Facility. Dkt. No. 1 at 2. None of the plaintiffs had complied with the filing fee requirements when this action was commenced. Dkt. No. 5 at 2-3. By Decision and Order filed May 4, 2012, plaintiff Gonzalvo was granted leave to proceed in forma pauperis, requests from two plaintiffs to be dismissed as plaintiffs were granted, and the remaining plaintiffs were dismissed for failure to comply with the filing fee requirements. Dkt. No. 11 at 4.

accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 5 (the "February Order"). On the basis of that review, the Court determined that claims required a response. *Id*. at 5-6. However, in light of the fact that the complaint named four individual officials at Eastern Correctional Facility as defendants in this action, which is properly brought only against the "public entity responsible for the acts or a public official acting in his official capacity," the Court directed that the ADA and Rehabilitation Act claims proceed against defendant Williams in his official capacity, and dismissed the other individual defendants. *Id*. at 6.[2]

Service of process on defendant Williams was unsuccessful. Dkt. No. 13. By letter dated July 5, 2012, Department of Corrections and Community Supervision ("DOCCS") Deputy Counsel William M. Gonzalez advised the Clerk that defendant Williams is deceased. Dkt. No. 16.

## II.   DISCUSSION

This action cannot proceed without a proper defendant upon whom service of process may be effected.[3] In light of plaintiff's pro se status, and in order to avoid undue delay, the Court hereby dismisses Williams as a defendant and deems the complaint amended to name the State of New York as the sole defendant. The Clerk is directed to issue an amended summons and forward it to the U.S. Marshal for service of process.

Also pending in this action is a letter from plaintiff regarding the conditions of his current confinement at Woodbourne Correctional Facility. Dkt. No. 21. Specifically plaintiff complains of the

---

[2] The Clerk was directed to issue a summons and forward it to the U.S. Marshal for service on defendant Williams. Dkt. No. 11 at 4.

[3] Rule 25(d) of the Federal Rules of Civil Procedure sets forth the procedure to be followed when "a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). However, because Williams died prior to being served with the summons and complaint, he was never a party to this action and Rule 25 therefore cannot not be utilized as a means to add substitute Williams' successor as a party. *See Davis v. Caldwell*, 94 F.R.D. 306, 307 (D. Del. 1982); 6 *Moore's Federal Practice* § 25.10[1] (Matthew Bender 3d ed.).

"continued negligence of the medical department in this facility," and alleges that he has been waiting months to receive new hearing aids. *Id*. at 1-2. Plaintiff's claims regarding his medical care at Woodbourne Correctional Facility are not before the Court in this action, and his request for a "full investigation" is denied.[4]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Mr. Williams is **DISMISSED** as a defendant in this action; and it is further

**ORDERED** that the complaint is deemed amended to name the State of New York as the sole defendant. The Clerk is directed to revise the docket accordingly and to issue an amended summons and forward it to the U.S. Marshal for service of process; and it is further

**ORDERED** that a response to plaintiff's ADA and Rehabilitation Act claims be filed on behalf of the State of New York in accordance with Rule 12(a) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's request for relief arising out of his current confinement at Woodbourne Correctional Facility (Dkt. No. 21) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: September 19, 2012
Syracuse, NY

Honorable Norman A. Mordue
U.S. District Judge

---

[4] The Court notes, moreover, that Woodbourne Correctional Facility is located in Sullivan County, which is in the Southern District of New York.

3