IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

RUBEN GONZALVO,

                    Plaintiff,              Civil Action No.
                                            9:11-CV-0909 (NAM/DEP)

        v.

THE STATE OF NEW YORK,

             Defendant.
_____

APPEARANCES:                                OF COUNSEL:

FOR PLAINTIFF:

RUBEN GONZALVO, *Pro Se*
97-A-3050
Woodbourne Correctional Facility
99 Prison Road
P.O. Box 1000
Woodbourne, NY 12788

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN          ADRIENNE J. KERWIN, ESQ.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Ruben Gonzalvo, a New York State prison inmate who is hearing impaired, has commenced this action pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and section 504 of the Rehabilitation Act ("section 504"), 29 U.S.C. § 794, alleging that prison officials have discriminated against him based upon his disability. Plaintiff's claims stem from the refusal of corrections officials to allow him to participate in sign language classes given at the prison facility in which he was confined at the relevant times.

Now that discovery in the action is closed, the defendant, the State of New York, has moved for the entry of summary judgment dismissing plaintiff's complaint. In its motion, the State argues that no reasonable factfinder could conclude plaintiff was discriminated against on the basis of disability when he was denied access to the sign language classes. Having carefully reviewed the record now before the court, I recommend that defendant's motion be denied.

I.    BACKGROUND[1]

Plaintiff is a prison inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). *See generally* Dkt. Nos. 1, 10. Although he is now confined elsewhere, plaintiff's claims in this action arise from his incarceration in the Eastern Correctional Facility ("Eastern"), located in Napanock, New York.[2] *See generally* Dkt. No. 1. Plaintiff is deaf in his right ear and has reduced hearing in his left. Dkt. No. 62 at 2.

According to Eve Simmons, a DOCCS Vocational Rehabilitation Counselor, Eastern offers "a sign language class as an interpreter training program for anyone suitable to become an interpreter." Dkt. No. 54-3 at 1. In or about February or March 2011, plaintiff requested permission to

---

[1]    In light of the procedural posture of the case, the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in plaintiff's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

[2]    In support of its motion for summary judgment, defendant argues that, to the extent plaintiff's complaint may be construed as asserting ADA and section 504 claims predicated upon incidents occurring at the Woodburne Correctional Facility ("Woodburne"), the prison in which plaintiff is now confined, the court should dismiss those claims, as well. Dkt. No. 54-8 at 6-7. After carefully reviewing plaintiff's complaint, I find that it does not assert any claims arising from his incarceration in Woodburne. Plaintiff was transferred to Woodburne in or about April 2012, approximately eight months after he filed his complaint in this action. *See generally* Dkt. Nos. 1, 10. Following his transfer to Woodburne, plaintiff did not file, or seek permission to file, a supplemental complaint that asserts additional claims as a result of any incidents occurring during his incarceration in that facility. Accordingly, the only pending claims before the court are those arising from incidents at Eastern in or about February and March 2011.

participate in the class. Dkt. No. 1 at 12-13, 17, 26; Dkt. No. 62 at 2. Although plaintiff requested permission to participate in the class out of a desire to learn sign language, there is no evidence to suggest that he had any intention of becoming an interpreter. Dkt. No. 62 at 3, 27.

On March 2, 2011, Simmons denied plaintiff's request to participate in the sign language class, stating that the DOCCS is "not mandated to provide [American Sign Language] classes to deaf + hard of hearing." Dkt. No. 1 at 26; Dkt. No. 62 at 2. In its memorandum of law in support of its pending motion, however, defendant contends that plaintiff was denied access to the class "because he does not have a General Education Diploma ('GED')." Dkt. No. 54-8 at 6. In support of this proposition, defendant cites Simmons' declaration, in which she states that, because the class "involves a fair amount of finger spelling of English words that may not have an equivalent sign, . . . a GED is one of the basic requirements to participate in the class." *Id.* Absent from Simmons' declaration, however, is any statement suggesting that plaintiff's request to participate was denied because he does not have a GED.

Although there is currently no alternative at Eastern for learning sign language aside from the interpreter training classes, Simmons states that the prospect of providing classes to hearing impaired inmates wishing to

learn sign language, but not to train as interpreters, has been discussed at the facility. Dkt. No. 54-3 at 2.

## II.    PROCEDURAL HISTORY

Plaintiff's complaint in this action was filed on August 3, 2011, and was accompanied by an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. While Gonzalvo's complaint named five other plaintiffs, those additional plaintiffs were dismissed in a decision and order issued on May 4, 2012, by Senior District Judge Norman A. Mordue. Dkt. No. 11. Plaintiff's complaint asserts ADA and section 504 claims against five defendants, including W. Brown, the Superintendent at Eastern; Catherine M. Jacobsen, the Acting Deputy Commissioner for Program Services for the DOCCS; Eve Simmons, a Vocational Rehabilitation Supervisor at Eastern; Karen Bellamy, the Director of the DOCCS Inmate Grievance Program; Mr. Williams, an S.D.U. Supervisor at Eastern; and Mr. Gibson, a Sign Language Interpreter at Eastern. Dkt. No. 1 at 3-4. All of those defendants, with the exception of Williams, were dismissed as a result of a decision and order issued by Judge Mordue on February 28, 2012. Dkt. No. 5. Defendant Williams was later dismissed from the action after the court learned that he was deceased, and the State of New York was substituted as the sole named defendant on September 19, 2012. Dkt. No.

22.

On April 14, 2014, following the close of discovery, defendant moved for the entry of summary judgment dismissing plaintiff's complaint, arguing that no reasonable factfinder could conclude plaintiff was denied access to sign language classes based upon his hearing impairment. Dkt. No. 54-8 at 6. Defendant's motion, to which plaintiff has now responded, Dkt. No. 62, is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Summary Judgment Standard

Summary judgment motions are governed by Rule 56 of the Federal Rules of Civil Procedure. Under that provision, the entry of summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004). A fact is "material" for purposes of this

inquiry, if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

A party moving for summary judgment bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue, and the failure to meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250 n.4; *Sec. Ins. Co.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material dispute of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences, in a light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). The entry of summary judgment is justified only in the event of a finding that no reasonable trier of fact could rule in favor of the non-moving party. *Bldg. Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507-08 (2d

Cir. 2002); *see also Anderson,* 477 U.S. at 250 (finding summary judgment appropriate only when "there can be but one reasonable conclusion as to the verdict").

    B.    <u>Legal Principles Governing Plaintiff's Claims</u>

Title II of the ADA prohibits discrimination on the basis of disability by public entities, providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown* ("*RECAP*"), 294 F.3d 35, 45 (2d Cir. 2002). Section 504 similarly states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a); *RECAP*, 294 F.3d at 45. The protections offered under those provisions extend to inmates in state correctional facilities like Eastern. *See Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 213 (1998) ("[T]he plain text of Title II of the ADA unambiguously extends to state prison inmates[.]"); *Clarkson v. Coughlin*, 898 F. Supp. 1019, 1036 (S.D.N.Y.

1995) (citing cases). The Second Circuit treats both the ADA and section 504 claims in tandem. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003); *Woods v. City of Utica*, 902 F. Supp. 2d 273, 279-80 (N.D.N.Y. 2012) (Hurd, J.).

To establish a violation under the ADA and section 504, a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiff's disability. *Henrietta D.*, 331 F.3d at 272. "Additionally, to establish a violation under [section 504], a plaintiff must show that the defendants receive federal funding." *Id.*

C.    Analysis of Plaintiff's Claims

In its motion, defendant does not contend that it is not subject to the ADA or section 504, nor does it maintain that plaintiff is not a qualified individual with a disability as defined in the ADA and section 504. *See generally* Dkt. No. 54-8. Instead, the State argues that the decision to deny Gonzalvo's request to participate in the sign language class at Eastern was based on the fact that he does not possess a GED, and not because of his disability. *Id.* at 6.

9

The evidence on this issue is equivocal. In her declaration, Simmons states that hard of hearing inmates have been allowed to participate in the sign language interpreter class at Eastern, which could lend support to the claim that it was plaintiff's lack of a GED that led to the denial of his request to participate in the class. Dkt. No. 54-3 at 2. Significantly, however, Simmons does not directly state that she denied plaintiff's request due to the lack of a GED. *Id.* Moreover, Gonzalvo has submitted evidence suggesting that he was precluded from participating in the sign language class at Eastern based upon his hearing impairment, and not because he does not possess a GED. Dkt. No. 1 at 26. Specifically, plaintiff provided the court with Simmons' decision denying his request, which stated, "not mandated to provide ASL classes to deaf + hard of hearing." *Id.*

These conflicting accounts regarding the justification for denying plaintiff's participation in the sign language class at Eastern squarely raise a dispute of material fact that is not properly resolved on motion for summary judgment. Similarly, I do not find summary judgment is warranted based on the lack of evidence suggesting that plaintiff sought to participate in the class in the hopes of becoming an interpreter. Even assuming plaintiff did not submit his request to enroll in the sign language

class out of a desire to become an interpreter, a reasonable factfinder could conclude that Simmons denied plaintiff's request because of his hearing impairment, rather than because plaintiff did not seek to become an interpreter. Dkt. No. 1 at 26. Accordingly, I recommend that defendants' motion be denied.

IV.    SUMMARY AND RECOMMENDATION

Although the State argues that plaintiff was denied enrollment in the sign language class at Eastern because he does not have a GED, Simmons' written denial of plaintiff's request suggests that he was precluded from the class due to his hearing impairment, thus raising an issue of material fact precluding the entry of summary judgment. Accordingly, it is hereby respectfully

RECOMMENDED that defendant's motion for summary judgment (Dkt. No. 54) be DENIED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:      January 7, 2015
            Syracuse, New York