UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**RUBEN GONZALVO,**

                         **Plaintiff,**

            **-v-**                                    **9:11-CV-909 (NAM/DEP)**

**THE STATE OF NEW YORK,**

                         **Defendant.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Sallaway Law Firm
George H. Sallaway, Esq.
P.O. Box 65
Fayetteville, New York 13066
Counsel for Plaintiff

Hon. Eric T. Schneiderman, Attorney General for the State of New York
Cathy Y. Sheehan, Esq., Assistant Attorney General
Oriana L. Carravetta, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendant

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

        Plaintiff brought this action claiming that his request to participate in the American Sign

Language ("ASL") program at Eastern Correctional Facility was improperly denied in violation

of his rights under the Americans With Disabilities Act ("A.D.A.") and the Rehabilitation Act.

On May 8, 2015, the Court appointed George H. Sallaway, Esq. as trial counsel for plaintiff and

scheduled trial for October 13, 2015.  In preparation for trial, Attorney Sallaway filed a trial brief,

proposed jury instructions and verdict sheet, proposed voir dire, and a witness list naming six

witnesses.

On the trial date, October 13, 2015, immediately before jury selection began, the parties

entered into a settlement agreement as follows:

> THE CLERK:  2011-CV-909, Ruben Gonzalvo versus W. Brown, et al., please note your appearances for the record.
>
> MR. SALLAWAY:  George Sallaway for Ruben Gonzalvo.
>
> THE COURT:  Mr. Sallaway, good morning.  Mr. Gonzalvo, good morning.
>
> THE PLAINTIFF:  Good morning.
>
> MS. SHEEHAN:  Cathy Sheehan, Assistant Attorney General for the State of New York.
>
> MS. CARRAVETTA:  Oriana Carravetta, Assistant Attorney General for the State of New York, good morning.
>
> THE COURT:  Good morning, Counsel.  Okay, it's my understanding you've managed to resolve the situation?
>
> MR. SALLAWAY:  That's correct, your Honor.
>
> THE COURT:  All right, would you state what your understanding is.
>
> MR. SALLAWAY:  My understanding is that in light of new information I've received that Mr. Gonzalvo is able to obtain the relief that we would have requested in this trial, in this action which is to begin taking ASL classes and –
>
> THE COURT:  Before he has his GED.
>
> MR. SALLAWAY:  That's correct, your Honor.
>
> THE COURT:  All right.  You also know, Mr. Gonzalvo, you have a right to work on your GED, too, both?
>
> THE PLAINTIFF:  Can I speak?
>
> THE COURT:  Yes, you can speak.
>
> THE PLAINTIFF:  Okay, the problem is with the GED classroom is they really don't have the tutor for us, and to have program progress, don't really have the tutoring to train to take the GED classes or – so whatever, I'm in limbo right now.
>
> THE COURT: Is there a guidance counselor or somebody there at Woodbourne you can talk to?
>
> THE PLAINTIFF:  I have spoke to the counselors and all but they can only do so much.
>
> THE COURT:  Okay.  Well, here's one thing, here's what you wanted and why you're in court.  You want to be able to take the ASL course without having a GED?
>
> THE PLAINTIFF:  Yes, sir.
>
> THE COURT:  You have won your case.
>
> THE PLAINTIFF:  Thank you, sir.
>
> THE COURT:  The State of New York is going to guarantee that; is that correct, Ms. Sheehan?
>
> MS. SHEEHAN:  That is correct, your Honor.
>
> THE COURT:  You're all set then?

THE PLAINTIFF: Yes, sir.

THE COURT: Okay, I'll mark the case settled. Are you happy with the result, sir?

THE PLAINTIFF: Yes, sir. Yes, sir.

THE COURT: Okay. Mr. Sallaway, thank you so much for taking part in this and thank you, State of New York counsel, Ms. Sheehan.

MS. SHEEHAN: Thank you.

THE COURT: And Ms. Carravetta, thank you.

THE CLERK: Court's adjourned.

The text minute entry dated October 13, 2015, states: "Prior to jury selection and trial commencing, the case settles and settlement put on the record. Jurors excused. Parties are directed to file a stipulation of settlement on or before 10/30/15." Thereafter, the State forwarded an executed written stipulation of settlement to plaintiff's attorney, who forwarded it to plaintiff (Dkt. No. 94). Apparently, plaintiff has not signed the stipulation. On November 18, 2015, plaintiff filed a request for "clarification" (Dkt. No. 96) listing a number of questions, including "why there is no trial for the financial complication of being denied the Sign Language class pursuant to the violations of A.D.A., and the U.S. Constitution?"

A voluntary, clear, explicit, and unqualified stipulation by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed. *See Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007). "[A]n oral settlement is binding if it is made in 'open court,' e.g., formally memorialized in some manner on the court record." *Acot v. New York Med. Coll.*, 99 F.App'x 317, 317-18 (2d Cir. 2004). A party cannot avoid an in-court settlement by refusing to sign papers memorializing the settlement terms reported to the court. *See id.* at 318. "The fact that parties to an oral agreement contemplate memorializing their agreement in a subsequently executed document will not prevent them from being bound by the oral agreement." *Id*. Factors a court may consider in determining whether a settlement in open

court is intended to be binding in the absence of a signed writing include: (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing. *See Powell*, 497 F.3d at 129 (citing *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)).

Here, on the record in open court, the parties entered into a voluntary, clear, explicit, and unqualified stipulation resolving the case. Defendant New York State guaranteed that plaintiff would be able to take the ASL course without having a GED. Both plaintiff and his attorney accepted the terms offered by the State and affirmed to the Court that the case was settled. After stating the terms of the settlement for the record, the Court asked plaintiff whether he was "all set," and plaintiff answered, "Yes, sir." The Court then stated it would mark the case settled and asked plaintiff whether he was "happy with the result." Plaintiff again responded, "Yes, sir." Accordingly, instead of proceeding to trial, the Court marked the case settled and excused the jurors.

On this record, there is no basis to find that the parties did not intend to be bound by the in-court stipulation in the absence of a writing. Even assuming that the parties had contemplated memorializing their agreement in a subsequently executed document, they are nevertheless bound by the in-court stipulation. The terms of the settlement, which are straightforward, were announced in open court and agreed to by plaintiff and counsel. The parties clearly reached a meeting of the minds. There was no unresolved claim, reservation of the right not to be bound in the absence of a writing, or suggestion that any additional step was required to finalize the

agreement.  Nor was there any term of the settlement remaining to be agreed upon.  Plaintiff had

the benefit of counsel, who had thoroughly prepared for trial, clearly knew the case well, and

participated in reaching the settlement.  Plaintiff also had the opportunity to speak for himself on

the record.  Everyone involved understood that the settlement terminated the entire case, as is

evident from their statements on the record as well as their tacit agreement that no issue remained

for trial, whereupon the Court marked the case as settled and excused the jurors.  Based on the

factors considered in *Powell*, and under all the circumstances, the Court finds that the in-court

settlement agreement is binding and that it ended the entire lawsuit.

In a case such as this, a written, signed stipulation of settlement is a mere unnecessary

formality.  The minute entry herein directing the parties to file a stipulation of settlement is a

routine administrative entry that does not alter the fact that the parties had already entered into a

binding in-court agreement disposing of the lawsuit.  This case is terminated by the oral in-court

settlement agreement, and there is no need for a signed stipulation.

It is therefore

ORDERED that the parties are bound by the oral in-court settlement agreement; and it is

further

ORDERED that the case is resolved and terminated without the need for a written, signed

stipulation; and it is further

ORDERED that the complaint is dismissed with prejudice and the case closed; and it is

further

ORDERED that the motion (Dkt. No. 96) is denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this

Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

     IT IS SO ORDERED.

Date:   November 19, 2015
         Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge